NO. 07-02-0467-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



APRIL 7, 2004



______________________________




MARK WAYNE CARTER, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 67290; HON. LARRY GIST, PRESIDING



_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 On April 8, 1996, appellant entered a plea of nolo contendere to a charge of
aggravated sexual assault. He was originally granted deferred adjudication and placed on
probation for a period of ten years. On September 3, 2002, at a hearing on the State's
motion to proceed to adjudication and after appellant's plea of true to three of the State's
allegations, the court adjudicated his guilt. His punishment was later assessed at 15 years
confinement in the Institutional Division of the Texas Department of Criminal Justice.

 Appellant's counsel has now filed an Anders brief with this court in which he states
he has thoroughly examined the trial record and determined the appeal is without merit. 
See Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
High v. State, 573 S.W.2d 807, 809-11 (Tex. Crim. App. 1978). With his brief, counsel has
attached a copy of his letter to appellant forwarding a copy of the brief. Additionally, he
has filed a motion to withdraw and notified appellant that he has filed such a motion and
of appellant's right to file a pro se brief. Counsel also requested an extension of time within
which appellant might file a pro se brief if he desired to do so. That motion was granted
and the time for filing a pro se brief extended to July 22, 2003, with a further extension at
appellant's request to September 22, 2003. Appellant has not filed a pro se brief.

 Before allowing counsel to withdraw, we must first satisfy ourselves that the attorney
has provided the client with a diligent and thorough search of the record for any arguable
claim that might support the client's appeal and then we must determine whether counsel
has correctly concluded the appeal is frivolous. See McCoy v. Court of Appeals of
Wisconsin, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). We have made
an independent examination of the record to determine if there are any arguable grounds
that might support the appeal. See Penson v. Ohio, 488 U.S. 75, 83, 109 S.Ct. 346, 102
L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We
have found no such grounds and agree with counsel that the appeal is without merit and
is frivolous. Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974).

 Accordingly, the judgment of the trial court is affirmed and counsel's motion to
withdraw is granted.


 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004). 



 the violation of a duty imposed by law, when (2) there is no
other adequate remedy by law. See Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304,
305 (Tex. 1994) (orig. proceeding); Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992)
(orig. proceeding). Such a limitation on the issuance of writs of mandamus is necessary
to preserve orderly trial proceedings and prevent constant interruption of the trial process
by appellate courts. See Canadian Helicopters, 876 S.W.2d at 305. In most
circumstances, an appeal will provide an adequate remedy for any trial court error, making
mandamus relief unavailable. See id at 306. It is the relator's burden to show entitlement
to the relief being requested. See generally Johnson v. Fourth District Court of Appeals,
700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). 

 Although it is not clear that relator seeks relief in her present petition directing Judge
Enns to consider and act on the Complaint for Emergency Preliminary Injunction,
Permanent Injunctive Relief, and __Damages__ relator filed in the trial court's cause
number 10178 (as did her April 19, 2004 petition), relator's petition discusses that pleading
and others she has filed in that cause. 

 We denied relator's April 19, 2004, petition because she did not demonstrate her
entitlement to mandamus relief. Nor does this present petition demonstrate entitlement to
mandamus relief directing the trial court to take any action with respect to relator's
pleadings filed in cause number 10178. Relator refers in her petition to an April 22, 2004,
letter to Judge Enns, but no copy of the letter accompanies her petition, nor does her
petition show that the letter was brought to his attention. See In re Chavez, 62 S.W.3d 225,
228 (Tex.App.-Amarillo 2001) (orig. proceeding). Relator's petition refers also to a
stipulation dated February 18, 2004, and filed in cause number 10178. She contends her
signature on the stipulation was obtained by coercion, and that it should be stricken. 
Resolution of such a question likely would involve the reconciliation of disputed factual
matters, which is not permitted in a mandamus proceeding. See Hooks v. Fourth Court of
Appeals, 808 S.W.2d 56, 60 (Tex. 1991) (orig. proceeding). 

 Finally, relator's petition refers also to a partition action pending in trial court cause
number 10238 and a related cause, 10238-A. The petition does not demonstrate, though,
why relator does not have an adequate remedy through appeal of a judgment entered in
that cause for the errors she perceives. Mandamus relief is not available unless that
requirement is satisfied. Canadian Helicopters, 876 S.W.2d at 305. 

 To the extent "Relator's Petition for Emergency Writ of Mandamus" seeks a writ of
mandamus addressed to Kyle Lewis and Eddie Stafford, it is dismissed for want of
jurisdiction; to the extent it seeks a writ addressed to the Honorable Ron Enns, District
Judge, 69th Judicial District Court, Dallam County, it is denied. Relator's "Motion for
Temporary Relief and Stay of Proceedings" filed with her petition, and the second motion
of the same title filed this date, are denied as moot.

 

 Per Curiam

 

1. Eddie Stafford is independent administrator for the Estate of Alex Stafford,
Deceased. Kyle Lewis is attorney for Mr. Stafford in his capacity as independent
administrator. 
2. The judgment vested title to the property in the Estate of Alex Stafford, Deceased.
3. In re Greenstreet, No. 07-04-0015-CV, 2004 Tex.App. LEXIS 477
(Tex.App.-Amarillo January 16, 2004) (orig. proceeding).
4. In re Lawrence, No. 07-04-0239-CV, 2004 Tex.App. LEXIS 3518
(Tex.App.-Amarillo April 20, 2004) (orig. proceeding).
5. The pending appeal is No. 07-04-00262-CV, on appeal from the Dallam County
Court, Dallam County, Texas.